UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ALLEN MILLER,

    Plaintiff,

v.

CHARLES EICHENLAUB, *et. al.*,

    Defendants.

_____

Case No. 07-10177

Paul D. Borman
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint on January 11, 2008 against two employees of the Federal Bureau of Prisons (BOP), alleging that they violated his rights under the United States Constitution by improperly denying him medical care and treatment. (Dkt. 1).[1] In his complaint, plaintiff seeks only injunctive relief and does not seek money damages. *Id*. Plaintiff sought to proceed under the provisions of 28 U.S.C.

---

[1] Presumably, plaintiff brings his claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee acting under color of federal law, rather than a state employee acting under the color of state law. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[§ 1915(a)](#), which allows a party to file a complaint without payment of customary court fees. (Dkt. 2, 5). On April 9, 2007, plaintiff's application to proceed *in forma pauperis* was granted. (Dkt. 6). District Judge Paul D. Borman referred this matter to Magistrate Judge Donald A. Scheer for all pre-trial purposes on May 21, 2007. (Dkt. 9). On January 14, 2008, this matter was reassigned to the undersigned. (Dkt. 14).

On February 19, 2008, defendants filed a motion to dismiss plaintiff's complaint. (Dkt. 17). On February 22, 2008, plaintiff filed a notice of change of address. (Dkt. 18). On February 27, 2008, the Court ordered plaintiff to respond to defendant's motion to dismiss. (Dkt. 19). It later appeared that the notice to respond may not have been sent to the correct address due to a docketing error. On April 22, 2008, a second notice requiring plaintiff to respond to the motion to dismiss was sent to him at his new address. (Dkt. 20). Plaintiff's response was due by May 12, 2008. *Id*. Plaintiff has not filed any response or any other document with the Court.

It appears that defendants' dispositive motion can be decided without further information or arguments from the parties and, **IT IS RECOMMENDED** that this matter be **DISMISSED** without prejudice for the following reasons.

## II. STATEMENT OF FACTS

### A. Plaintiff's Complaint

Plaintiff alleges that he has presented his needs for medical care, treatment, and medication for two and one half years, beginning at the Federal Corrections Institution in Oxford, Wisconsin (FCI Oxford) and continuing after he was transferred to the Federal Correctional Institution in Milan, Michigan (FCI Milan). (Dkt. 1, p. 1). Plaintiff sues defendants in their "personal and professional" capacities,[2] claiming that defendants failed and refused to provide treatment for his infectious condition known as submandibular lymphadenitis.[3] (Dkt. 1, pp. 2-3).

---

[2] When damages are sought against federal employees in their official capacity, the damages are, in essence, sought against the United States, and such claims cannot be maintained because the United States and its agencies are immune from suits for damages in civil rights actions. *Jackson v. Walker*, 2008 WL 559693, *8-9 (E.D. Ky. 2008). To the extent that plaintiff seeks relief against defendants in their official capacity (what plaintiff calls "professional" capacity), sovereign immunity does not appear to be an issue in this case, given that plaintiff does not seek not money damages and sovereign immunity is not a bar to injunctive relief. *See e.g., Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1233 (10th Cir. 2005) ("Sovereign immunity is ... not a bar to [a prisoner's] action for injunctive relief."); *Newsome v. Vanderbilt University*, 653 F.2d 1100, 1107 (6th Cir. 1981) ("An action seeking relief other than money damages and stating a claim that the agency acted or failed to act in official capacity shall not be dismissed because it is against the United States.").

[3] Plaintiff repeatedly refers to his condition as "submoindibular" lymphadenitis, but this appears to be a typographical error. By way of brief explanation, "[l]ymphadenitis is the inflammation and/or enlargement of a lymph node. Lymph node enlargement is common in children. Most cases represent a

3

Report and Recommendation
Defendants' Motion to Dismiss
*Miller v. Eichenlaub*, Case No. 07-10177

Plaintiff alleges that he exhausted all of his administrative remedies with the Bureau of Prisons while at FCI Oxford "without any results" and "therefore this Court is my remedy for the medical illness that plagues my healthiness." *Id*. at 3. Plaintiff asks this Court to order defendants to give him a thorough physical with extensive laboratory testing, to instruct defendants to have two licensed physicians examine him and recommend treatment, and to order defendants to provide him with the medical treatment, medications, and equipment needed "for treatment and control of the diseases and ailments medically determined..." *Id*. at 4.

B. Defendants' Motion to Dismiss

Defendants argue that plaintiff's complaint should be dismissed for three reasons. First, plaintiff failed to exhaust his administrative remedies. Second, plaintiff fails to state a claim. And third, plaintiff's request for relief is moot. In support of the first argument, defendants describe the applicable grievance procedure at FCI Milan, which, like all federal prisons, has a multi-step grievance system for prisoner complaints, including complaints concerning medical care. (Dkt. 17, p. 3, citing, 28 C.F.R. §§ 542.13 *et seq*.). If informal resolution of a

---

response to benign, local, or generalized infections (usually viral). Lymphadenitis may affect a single node or a localized group of nodes (regional adenopathy) and may be unilateral or bilateral. The onset and course of lymphadenitis may be acute, subacute, or chronic." *See,* http://www.emedicine.com/ped/topic32.htm.

complaint is insufficient, an inmate may file a formal complaint with the Warden within 20 days of the date of the occurrence on which the complaint is based. *Id*. at 3-4, citing, 28 C.F.R. § 542.14. The Warden then has 20 days to respond to the inmate's complaint. If the inmate is not satisfied with the Warden's response, the inmate may then appeal to the Regional Office. *Id*. at 4. The Regional Office has 30 days to answer the complaint. *Id*., citing, 28 C.F.R. § 542.15. If the inmate is unsatisfied with the response of the Regional Office, the inmate may file a final appeal with the Central Office in Washington, D.C. The Central Office has 40 days in which to respond. *Id*., citing, 28 C.F.R. § 542.18.

Defendants claim that plaintiff did not exhaust his administrative remedies as required by the PLRA because he never completed all the steps as required by the BOP review process. On May 3, 2005, plaintiff filed a request for an administrative remedy with the Warden at FCI Oxford, complaining that he was not receiving satisfactory medical treatment for his ailments. (Dkt. 17, p. 4; Ex. 1, ¶ 8) (Declaration of Amy Standefer).[4] In response, the Warden advised plaintiff

---

[4] Ms. Standefer is a Senior Attorney for the United States Department of Justice, Federal Bureau of Prisons. (Dkt. 17, Ex. 1, ¶ 1). As part of her duties, she is familiar with and has access to inmate records and electronic data maintained by the BOP's SENTRY computerized record system and the "Administrative Remedy Program" data. *Id*.

that he was scheduled to see a specialist and that the specialist would discuss his test results and treatment options with him. *Id.* On May 31, 2005, plaintiff appealed the institution's denial of his administrative remedy request to the Regional Office. (Dkt. 17, p. 4; Ex. 1, ¶ 9). On July 19, 2005, the Regional Director responded to his request, stating that he concurred with the clinical decisions made by the treating specialist to date and further explained that plaintiff's follow-up appointment and evaluation with a hematologist revealed normal test results and no evidence of disease. *Id.* The Regional Director noted that the hematologist merely advised that plaintiff be seen again in one year. *Id*. Plaintiff was also reminded that he could appeal the Regional Director's response to the Central Office within 30 days. *Id*. Plaintiff, however, never appealed this decision to the Central Office. (Dkt. 17, p. 4; Ex. 1, ¶ 7, attachment C).

Defendants also point out that the grievances plaintiff filed were submitted at FCI Oxford before he arrived at FCI Milan. (Dkt. 17, p. 5; Ex. 1, ¶ 8). Thus, none of his grievances have ever mentioned, or complained about, the medical care he received at FCI Milan or defendants Warden Eichenlaub or Dr. Malatinsky and no separate grievances were submitted regarding these defendants while he was at FCI Milan. (Dkt. 17, p. 5; Ex. 1, attachment C). Thus, these particular defendants had no opportunity to address any complaints plaintiff might have. *Id*.

Defendants also argue that, even if plaintiff's claims are not barred by the exhaustion requirements of the PLRA, plaintiff fails to state a claim under the Eighth Amendment because there is no evidence that defendants were deliberately indifferent to a serious medical need. (Dkt. 17, p. 11). Rather, defendants point to evidence in the record suggesting that plaintiff's condition was carefully monitored and that he received more than adequate care. *Id*. For example, between August 10, 2005 and July 11, 2007, plaintiff was seen by health services 11 times. (Dkt. 17, p. 11; Ex. 1, attachment B). Defendants suggest that plaintiff's complaint merely amounts to a "difference of opinion" between plaintiff and the health care providers, which is insufficient to establish a constitutional deprivation. *Id*. at 11-12. Defendants also suggest that plaintiff's claim fails because plaintiff does not allege that defendant Eichenlaub had any personal involvement in the events underlying plaintiff's claims. *Id.* And, the doctrine of respondeat superior does not save plaintiff's claims against defendant Eichenlaub because, to find a supervisory official personally liable for the unconstitutional acts of subordinates, the supervisor must have a duty to instruct the subordinate to prevent constitutional harm and, "as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened." (Dkt. 17, p. 13, quoting, *Hayneswoth v. Miller*, 820 F.2d 1245, 1262 (D.C. Cir. 1987)).

Finally, defendants argue that plaintiff's claims are moot because he was transferred to another facility. Plaintiff complains only about medical care he received at FCI Oxford and FCI Milan. (Dkt. 1, p. 1). Plaintiff was transferred to ADMAX Florence in July, 2007. (Dkt. 17, p. 9; Ex. 1, ¶ 2, attachment A). Therefore, defendants suggest that, because the named defendants are no longer responsible for plaintiff's medical care and plaintiff only seeks injunctive relief, the relief sought by plaintiff cannot be provided, rendering this controversy moot. (Dkt. 17, pp. 8-10).

## III. DISCUSSION

### A. Standard of Review

Defendants bring their motion to dismiss under Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint and, if it appears beyond doubt that a plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007).

Rule 12(d) also provides that, if the moving party presents and the Court relies on matters *outside* the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment and disposed of as provided in Rule 56. All

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). Thus, the plain language of the rule requires that if the motion relies on outside materials that the Court considers (here, the declaration of Ms. Standerfer offered by defendants), then the motion "must" be converted into a motion for summary judgment pursuant to Rule 56. *See,* Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir. 1993). Save the argument by defendant Eichenlaub that he has no liability because plaintiff fails to allege that he was personally involved in plaintiff's care and treatment, all of the grounds identified by defendants in support of their motion rely on evidence found outside the pleadings. Thus, the Court will treat defendants' motion as one for summary judgment under Rule 56, rather than a motion to dismiss under Rule 12(b)(6).

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. Tanner v. County of Lenawee, 452 F.3d 472, 477 (6th Cir. 2006). Moreover, when a motion for summary judgment is filed, the adverse party may not "rely merely on allegations or denials in its own pleading; rather its response must–by affidavits or

as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e).

According to Rule 56(e), a party who decides not to respond to a motion for summary judgment risks having judgment entered against them if the court finds that it is appropriate to do so. *U.S. v. Davis*, 2008 WL 1735167, *2 (E.D. Ky. 2008), citing Rule 56(e). Sixth Circuit precedent clearly permits lower courts to enter summary judgment where a motion for summary judgment goes unanswered. *Davis*, at *2, citing, *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000); *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984). Furthermore, "courts have consistently held that motions for summary judgment can be granted for failure to respond, even in cases where the non-responding litigant was not represented by counsel." *Davis*, at *2, citing, *Dickerson Const. v. National Home Ins. Co.*, 2008 WL 466241 (E.D. Ky. 2008); *Shy v. Bhatt*, 909 F.2d 1484 (6th Cir. 1990). Notably, however, a plaintiff's failure to respond to the motion in conformity with Rule 56(e) does not *automatically* entitle the moving party to judgment. *Eid v. Saint-Gobain Abrasives, Inc.*, 2007 WL 4373948, *14 (E.D. Mich. 2007). Rather, Rule 56(e) provides that summary judgment shall be entered only "if appropriate." *Id.*, citing, *Pasqueriello v. Medcentral Health Syst.*, 949 F.Supp. 532, 535 (N.D. Ohio 1996). In this case, for the reasons set forth below,

the undersigned suggests that summary judgment in favor of defendants is appropriate even though plaintiff has not responded in accordance with Rule 56(e).

B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1995 ("PLRA"), an inmate must first have exhausted "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 525 (2002), the Supreme Court explained that one of the purposes served by the exhaustion requirement is to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." In *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2388 (2006), the Supreme Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules."

Thus, where a prisoner abandons the administrative process and fails to complete all steps, he has failed to exhaust his remedies in compliance with the PLRA. *Jackson v. Walker*, 2008 WL 559693, *7 (E.D. Ky. 2008). Indeed, a prisoner does not exhaust available administrative remedies when he files a

grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.), cert. denied, 522 U.S. 906 (1997); *see also, Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or argue that it is now futile for him to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also, Moorer v. Price*, 83 Fed.Appx. 770, 771 (6th Cir. 2003) ("The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.").

As the United States Supreme Court has recently held, the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007) ("exhaustion is an affirmative defense...and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."). The Supreme Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id.* Thus, exhaustion is satisfied if the plaintiff complied with the grievance procedures of the MDOC and the defendant bears the burden of establishing otherwise. *See, Kramer v. Wilkinson*, 226 Fed.Appx. 461

(6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, there is no material dispute that plaintiff failed to file an appeal of the July 19, 2005 decision of the Regional Director with the Central Office as required by the BOP review process. (Dkt. 17, p. 4; Ex. 1, ¶ 7). Ms. Standefer explains in her declaration that all administrative remedies sought by inmates are logged in the SENTRY computer system maintained by the BOP. (Dkt. 17, Ex. 1, ¶ 5). As a complaint is pursued through the system, the remedy request identification number does not change, but the letter code changes according the level of appeals. *Id*. at ¶ 6. Ms. Standefer explains that "F" denotes a remedy filed at the institutional level, "R" denotes a remedy filed at the Regional Director level and "A" denotes a remedy filed at the Central Office level. *Id*. According to plaintiff's printout from the SENTRY system, plaintiff filed a request for administrative remedy at the institutional level and the Regional Office level, but did not appeal to the Central Office. (Dkt. 17, Ex. 1, ¶ 7, attachment C, p. 61). BOP regulations provide that, if an inmate is not satisfied with the response of the Regional Office, the inmate may file a final appeal with the Central Office in Washington, D.C. *See*, 28 C.F.R. § 542.18. An inmate's failure to use the BOP's four-step administrative process is

a failure to exhaust administrative remedies under the PLRA. *Jackson v. Walker*, at *10, citing, *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003). Thus, the Court concludes that defendants have satisfied their burden of proof that plaintiff failed to exhaust his administrative remedies regarding the medical care that he received at FCI Oxford because there is no evidence that plaintiff completed the fourth step in the administrative process by seeking review with the Central Office.

Defendants also point out that none of plaintiff's grievances mention or complain about the medical care he received at FCI Milan or defendants Warden Eichenlaub or Dr. Malatinsky and no separate grievances were submitted regarding these defendants while he was at FCI Milan. (Dkt. 17, Ex. 1, attachment C, p. 61). In his complaint, plaintiff merely alleges that he exhausted all of his administrative remedies with the BOP *while at FCI Oxford*. (Dkt. 1, p. 3). Plaintiff makes no mention of pursuing any grievance while at FCI Milan. (Dkt. 1). Further, the SENTRY print-out discussed above also shows the location where all grievances pertaining to a particular inmate originate and reveals that, as of February 19, 2008, no grievances were filed by plaintiff while he was housed at FCI Milan. *Id.* As the Eastern District of Kentucky recently held, an inmate "did not and could not have received administrative review by the BOP of the conduct

undertaken by officials" at a prison to which he was transferred *after* the initiation of the inmate grievance process. *Gross v. Unknown Director of Bureau of Prisons*, 2008 WL 2280094, *3 (E.D. Ky. 2008), citing, *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("A grievance obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred. Nor does a grievance exhaust administrative remedies for all future complaints of the same general type."). Based on the evidence presented, the Court concludes that plaintiff failed to exhaust his administrative remedies against these particular defendants (both employees of FCI Milan), given that: (1) there is no evidence that plaintiff filed any grievance regarding the health care he received at FCI Milan; and (2) the grievance plaintiff filed while housed at FCI Oxford, even if it had been exhausted, cannot operate to exhaust any claim based on the conduct of these defendants, which would have necessarily occurred *after* that grievance was initiated.

The Court concludes that this matter should be dismissed without prejudice based on plaintiff's failure to exhaust his administrative remedies. Given the recommendation that this matter be dismissed based on a lack of exhaustion, the undersigned declines to make any recommendations regarding the two additional bases on which defendants sought relief.

## IV. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that summary judgment be **GRANTED** in defendants' favor based on plaintiff's failure to exhaust his administrative remedies and that this matter be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the

objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: July 17, 2008                         s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Susan K. DeClercq and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Brian Miller, #18345180, Federal Prison Camp, P.O. Box 5000, Florence, CO, 81226-5000.

                                            s/Tammy M. Hallwood
                                            Tammy M. Hallwood
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church Street
                                            Flint, MI 48502
                                            (810) 341-7850
                                            tammy_hallwood@mied.uscourts.gov